**PUBLISH**

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 13-cv-02890-REB

RODERICK RAY BROWN,

    Plaintiff,

v.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

    Defendant.

**ORDER AFFIRMING COMMISSIONER**

**Blackburn, J.**

The matter before me is plaintiff's **Complaint** [#1],[1] filed October 23, 2013, seeking review of the Commissioner's decision denying plaintiff's claim for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. § 401, *et seq.* I have jurisdiction to review the Commissioner's final decision under 42 U.S.C. § 405(g). The matter has been fully briefed, obviating the need for oral argument. I affirm.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff alleges that he is disabled as a result of urinary incontinence, degenerative disc and joint disease, and atrial fibrillation. After his application for disability insurance benefits was denied, plaintiff requested a hearing before an administrative law judge. This hearing was held on November 15, 2012. At the time of

---

[1] "[#1]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

this hearing, plaintiff was 67 years old. He has a high school education and past relevant work experience as a hotel manager. He did not engage in substantial gainful activity at any time between June 29, 2006, his alleged date of onset, and March 31, 2011, his date last insured

The ALJ found that plaintiff was not disabled and therefore not entitled to disability insurance benefits. Although the evidence established that plaintiff suffered from severe impairments, the judge concluded that the severity of those impairments did not meet or equal any impairment listed in the social security regulations. Other impairments were found to be not severe. The ALJ found that plaintiff had the residual functional capacity to perform a range of light work with certain postural and environmental limitations. Although this determination precluded plaintiff's past relevant work, the ALJ concluded that there were other jobs existing in significant numbers in the national and local economies that he could perform. The ALJ therefore found plaintiff not disabled at step five of the sequential evaluation. Plaintiff appealed this decision to the Appeals Council. The Council affirmed. Plaintiff then filed this action in federal court.

## II.  STANDARD OF REVIEW

A person is disabled within the meaning of the Social Security Act only if his physical and/or mental impairments preclude him from performing both his previous work and any other "substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2). "When a claimant has one or more severe impairments the Social Security [Act] requires the [Commissioner] to consider the combined effects of the impairments in making a disability determination." **Campbell v. Bowen**, 822 F.2d 1518,

1521 (10th Cir. 1987) (citing 42 U.S.C. § 423(d)(2)(C)). However, the mere existence of a severe impairment or combination of impairments does not require a finding that an individual is disabled within the meaning of the Social Security Act. To be disabling, the claimant's condition must be so functionally limiting as to preclude any substantial gainful activity for at least twelve consecutive months. **See Kelley v. Chater,** 62 F.3d 335, 338 (10th Cir. 1995).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled:

> 1. The ALJ must first ascertain whether the claimant is engaged in substantial gainful activity. A claimant who is working is not disabled regardless of the medical findings.
>
> 2. The ALJ must then determine whether the claimed impairment is "severe." A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities.
>
> 3. The ALJ must then determine if the impairment meets or equals in severity certain impairments described in Appendix 1 of the regulations.
>
> 4. If the claimant's impairment does not meet or equal a listed impairment, the ALJ must determine whether the claimant can perform his past work despite any limitations.
>
> 5. If the claimant does not have the residual functional capacity to perform her past work, the ALJ must decide whether the claimant can perform any other gainful and substantial work in the economy. This determination is made on the basis of the claimant's age, education, work experience, and residual functional capacity.

20 C.F.R. § 404.1520(b)-(f). **See also Williams v. Bowen** 844 F.2d 748, 750-52 (10th Cir. 1988). The claimant has the initial burden of establishing a disability in the first four

steps of this analysis. ***Bowen v. Yuckert***, 482 U.S. 137, 146 n.5, 107 S.Ct. 2287, 2294 n.5, 96 L.Ed.2d 119 (1987). The burden then shifts to the Commissioner to show that the claimant is capable of performing work in the national economy. ***Id.*** A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. ***Casias v. Secretary of Health & Human Services***, 933 F.2d 799, 801 (10th Cir. 1991).

Review of the Commissioner's disability decision is limited to determining whether the ALJ applied the correct legal standard and whether the decision is supported by substantial evidence. ***Hamilton v. Secretary of Health and Human Services***, 961 F.2d 1495, 1497-98 (10th Cir. 1992); ***Brown v. Sullivan***, 912 F.2d 1194, 1196 (10th Cir. 1990). Substantial evidence is evidence a reasonable mind would accept as adequate to support a conclusion. ***Brown***, 912 F.2d at 1196. It requires more than a scintilla but less than a preponderance of the evidence. ***Hedstrom v. Sullivan***, 783 F.Supp. 553, 556 (D. Colo. 1992). "Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." ***Musgrave v. Sullivan***, 966 F.2d 1371, 1374 (10th Cir. 1992). Further, "if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence." ***Thompson v. Sullivan***, 987 F.2d 1482, 1487 (10th Cir. 1993). Although a reviewing court should meticulously examine the record, it may not reweigh the evidence or substitute its discretion for that of the Commissioner. ***Id.***

### III. LEGAL ANALYSIS

Plaintiff appears in this appeal, as he did below, *pro se*. Accordingly, I have

construed his pleadings more liberally and held them to a less stringent standard than formal pleadings drafted by lawyers. *See **Erickson v. Pardus***, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); ***Andrews v. Heaton***, 483 F.3d 1070, 1076 (10th Cir. 2007). I have made every effort to distill each of plaintiff's statements in both his opening and reply briefs into cognizable legal arguments. Nevertheless, I find no reversible error in the ALJ's decision, and thus affirm.

Initially, it appears that plaintiff may be confused by the ALJ's determination of his date of onset, which coincided with the last day plaintiff engaged in substantial gainful activity (in 2006) rather than the date of the cancer surgery (in 2002) which precipitated plaintiff's problems with urinary incontinence. At step 1 of the sequential evaluation, the ALJ was required to determine whether plaintiff was engaged in "substantial gainful activity."[2] A claimant who is performing substantial gainful activity is not disabled regardless of medical condition, age, education, or work experience. 20 C.F.R. § 404.1520(b). Thus even if plaintiff's impairments commenced earlier, the fact that he nevertheless continued to work precludes a finding of disability for any period of time prior to the date he actually stopped working. *See **Kelley***, 62 F.3d at 338 (condition is not disabling unless it is so functionally limiting as to preclude any substantial gainful activity for at least twelve consecutive months).

Plaintiff's next group of arguments can best be characterized as a challenge to the ALJ's determination of plaintiff's residual functional capacity. These arguments are

---

[2] "Substantial gainful activity" is defined, tautologically, as "work activity that is both substantial and gainful." 20 C.F.R. § 404.1572. In more concrete terms, the determination whether work constitutes substantial gainful activity is based on the claimant's average monthly earnings. *See id.* § 404.1574. Work which results in monthly earnings exceeding a specified threshold presumptively constitutes substantial gainful activity. *See id*, § 404.1574(b)

5

directed to the ALJ's notation that the record contained no opinion from a medical source suggesting any functional limitations and her assessment of plaintiff's credibility. I perceive no such error – or any other – in the ALJ's residual functional capacity assessment.

The ALJ did note that the record lacked an opinion from any medical source addressing plaintiff's work-related functionality (*see* Tr. 15), but no such opinion was absolutely required because the determination of residual functional capacity is an administrative, not a medical, one. 20 C.F.R. § 404.1546; **Rutledge v. Apfel**, 230 F.3d 1172, 1175 (10th Cir. 2000); **Moses v. Astrue**, 2012 WL 1326672 at *4 (D. Colo April 17, 2012).[3] Nevertheless, the ALJ thoroughly recounted the medical and other evidence of record in crafting her residual functional capacity assessment (Tr. 14-15), a discussion which my own review of the evidence finds well-supported by the record.

For example, just weeks prior to his alleged date of onset, plaintiff reported to his urologist that "he occasionally has some slight urge incontinence" and that "[o]ther than that he is urinating well." (Tr. 336.) Thereafter, there is no other record evidence suggesting that plaintiff complained of urinary incontinence to his doctors again until May 2010 (Tr. 254.)[4] At a follow-up appointment two weeks later, plaintiff reported that

---

[3] Although the ALJ's determination must be grounded in some medical evidence, *see* **Anderson v. Shalala**, 51 F.3d 777, 779 (8th Cir. 1995), it is a broader assessment "based on all of the relevant medical and other evidence," 20 C.F.R. § 404.1545(a)(3), "including medical records, observations of treating physicians and others, and plaintiff's own description of his limitations," **Noble v. Callahan**, 978 F.Supp. 980, 987 (D. Kan. 1997).

[4] Plaintiff states that the gaps in his treatment record to which the ALJ referred (Tr. 14) are attributable to his inability to afford health insurance between 2008 and 2010. Of course, indigence may shed light on a claimant's failure to obtain treatment for his impairments. *See* **Ky v. Astrue**, 2009 WL 68760 at *4 n.4 (D. Colo. Jan. 8, 2009). In this case, however, plaintiff's explanation fails to account for at least an 18-month period from June 2006 through 2007. Moreover, plaintiff acknowledges that he did receive some care by attending free health fairs, but offers nothing to suggest that this level of care was

6

his "[s]ymptoms [were] controlled since last visit and on current medication." (Tr. 258.) Thereafter, plaintiff generally reported "feeling fine" despite his ongoing impairments, the symptoms of which were stated repeatedly to be controlled on medication. (*See* Tr. 262, 268, 271, 274, 277, 280, 287.)[5] The rare occasions on which plaintiff reported not "feeling fine" were not related to his allegedly disabling impairments. (*See, e.g.*, Tr. 283.) The record also supports the ALJ's assessment of the functional limitations attributable to plaintiff's other impairments as well. (*See* Tr. 228-229, 231, 235.)

Moreover, much of the ALJ's residual functional capacity determination coincides with plaintiff's own testimony about his functional limitations during the relevant period of time. (*See* Tr. 13.) Thus, for example, the ALJ apparently credited plaintiff's testimony that he could stand 20 to 30 minutes at one time and lift up to 20 pounds (Tr. 34-35), and could sit for 30 to 45 minutes before needing to get up and to stretch and walk (Tr. 39). Plaintiff also testified that he routinely walked in the morning for 10 to 15 minutes to "loosen up" and could do chores around the house so long as he could alternate walking and sitting. (Tr. 38-39.)

To the extent the ALJ did not credit all plaintiff's claims of disabling pain and

---

inadequate to address his impairments. Moreover, the evidence from 2010 forward, when plaintiff states that regained insurance and began seeing a doctor regularly again, more than fully substantiates the ALJ's disability determination.

[5] Although in this instance the record is both concise and plain enough to support the ALJ's decision, I continue to be concerned with the practice of some ALJs in this district of referring to multi-page exhibits without pinpoint citations to specific pages therein. *See Morgan v. Colvin*, – F.Supp.3d –, 2014 WL 4670928 at *4 n.6 (D. Colo. Sept. 18, 2014); *Phillips v. Colvin*, – F.Supp.3d –, 2014 WL 4636379 at *3 n.4 (D. Colo. Sept. 16, 2014); *Russ v. Colvin*, – F.Supp.3d –, 2014 WL 4553235 at *4 (D. Colo. Sept. 15, 2014); *Cira v. Colvin*, – F.Supp.2d –, 2014 WL 4437285 at *3 (D. Colo. Sept. 9, 2014); *Guttierez v. Colvin*, – F.Supp.3d –, 2014 WL 4437280 at *4 (D. Colo. Sept. 9, 2014). The Commissioner should now have fair notice of this court's position that, in general, such global references will not constitute substantial evidence in support of the ALJ's decision and thus will warrant remand.

functional limitation, her determination in that regard does not admit of error. In general, "credibility determinations 'are peculiarly the province of the finder of fact,' and should not be upset if supported by substantial evidence." **White v. Barnhart**, 287 F.3d 903, 909 (10th Cir. 2001) (citing **Kepler v. Chater**, 68 F.3d 387, 390-91 (10th Cir. 1995)). The ALJ's assessment that plaintiff's pain and limitations were less functionally disabling than he alleged find support in the record, and her determination therefore is entitled to substantial deference. **Id.** at 910; **see also Qualls v. Apfel**, 206 F.3d 1368, 1372 (10th Cir. 2000). Although plaintiff points to other evidence which purportedly contradicts the ALJ's assessment, I am not empowered to reweigh the evidence in the manner he implicitly requests. **See Thompson v. Sullivan**, 987 F.2d 1482, 1487 (10th Cir. 1993). **See also Reyes v. Bowen**, 845 F.2d 242, 245 (10th Cir. 1988) (conflicts in the evidence are for the ALJ to resolve). Accordingly, I find no reversible error on this basis.

Nor can I find that the post-decision opinion of plaintiff's treating doctor, David Burrows, which was submitted to the Appeals Council on review, would have altered the disability determination. (**See** Tr. 456.) In general, evidence that was not before the ALJ need not be considered unless it is new, material, and relates to the period on or before the ALJ's decision. **See** 20 C.F.R. § 404.1570(b); **Chambers v. Barnhart**, 389 F.3d 1139, 1142 (10th Cir. 2004). Evidence is material only if there is a "reasonable possibility that [the evidence] would have changed the outcome." **Chambers**, 389 F.3d at 1144 (citation and internal quotation marks omitted; alteration in original). Stated differently, "if the ALJ's disability determination was supported by substantial evidence, the district court's . . . task is to determine whether the qualifying new evidence upsets

that decision." ***Martinez v. Astrue***, 389 Fed. Appx. 866, 869 (10th Cir. Aug. 3, 2010).

The opinion of a treating source is entitled to controlling weight when it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the case record." 20 C.F.R. § 404.1527(c)(2); ***see also Watkins v. Barnhart***, 350 F.3d 1297, 1300 (10th Cir. 2003). A treating source opinion cannot be rejected absent good cause for specific and legitimate reasons clearly articulated in the hearing decision. ***Watkins***, 350 F.3d at 1301. Good cause may be found where the treating source's opinion is brief, conclusory, or unsupported by the medical evidence. ***Frey v. Bowen***, 816 F.2d 508, 513 (10th Cir. 1987).

Under these standards, I cannot find that consideration of Dr. Burrows's opinion would have altered the ALJ's residual functional capacity determination in any way. The opinion mainly recounts the history of plaintiff's impairments, but its suggestion of disabling limitations is contrary to the medical record recited above and in the ALJ's decision, including most particularly Dr. Burrows's own treatment notes. ***See*** 20 C.F.R. § 404.1527(c)(4) ("Generally, the more consistent an opinion is with the record as a whole, the more weight we will give to that opinion.").[6] Indeed, the functional limitations Dr. Burrows's endorsed were more restrictive than those plaintiff himself testified were within his abilities. (***Compare*** Tr. 456 (Dr. Burrows's opinion that plaintiff could not work any job requiring any amount of standing and could sit for no more than 20 minutes at a time) ***with*** Tr. 34-35, 39 (plaintiff's testimony that he could stand 20 to 30 minutes at

---

[6] Moreover, Dr. Burrows's suggestion that plaintiff had been unable to work at any job that required standing since 2004 is plainly contrary to the record.

9

one time and could sit for 30 to 45 minutes before needing to get up and to stretch and walk).) Remand is not warranted on this basis either.

Finally, plaintiff complains of the ALJ's determination at step 5 of the sequential evaluation that he had the residual functional capacity to work as a front desk clerk in a small, independent hotel or in a more remote area. This finding was based on the testimony of the vocational expert both during and after the hearing, which constitutes substantial evidence. (Tr. 41-47, 180-183, 195.) *See* 20 C.F.R. § 404.1566(e); *Haddock v. Apfel*, 196 F.3d 1084, 1087 (10th Cir. 1999).

Moreover, although plaintiff asserts that there are no such jobs within 30 miles of his home, the relevant inquiry is not so limited. "'[W]ork which exists in the national economy' means work which exists in significant numbers either in the region where [the claimant] lives or in several regions of the country," "regardless of whether such work exists in the immediate area in which [the claimant] lives." 42 U.S.C. § 423(d)(2)(A). *See also Botello v. Astrue*, 376 Fed. Appx. 847, 850-51 (10th Cir. April 26, 2010). Even with the 75% erosion in the job base which the vocational expert stated would result from the functional restrictions the ALJ ultimately imposed (Tr. 195), there still was evidence of more than 1,000 jobs in the state of Colorado and 140,000 jobs nationally (Tr. 44). This evidence supports the Commissioner's burden of proof at step 5 to show a significant number of alternative jobs. *See Botello*, 376 Fed. Appx. at 851.

## IV. ORDERS

Although there is no doubt that plaintiff suffered from pain and other ill effects of his various impairments, "disability requires more than mere inability to work without pain." **Brown v. Bowen**, 801 F.2d 361, 362–63 (10th Cir. 1986) (citation and internal quotation marks omitted). **See also Qantu v. Barnhart**, 72 Fed. Appx. 807, 811 (10th Cir. 2003) ("We emphasize that a claimant's inability to work pain-free, standing alone, is not sufficient reason to find her disabled."). The ALJ's decision in this case is supported by substantial evidence, and therefore must be affirmed.

**THEREFORE IT IS ORDERED** that the conclusion of the Commissioner through the Administrative Law Judge that plaintiff was not disabled is **AFFIRMED**.

Dated March 11, 2015, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge